IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ST. IGNATIUS HIGH SCHOOL OF CLEVELAND, | ) | CASE NO: 1:26-cv-0474 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| ALEXY METALS, LTD., | ) | |
| Defendants | | |

Before the Court is Defendant Alexy Metals, LTD.'s ("Alexy Metals") Motion to Dismiss, ECF 8, and Request for Judicial Notice, ECF 9 (collectively, the "Motions"). Both motions have been fully briefed and are now ripe for ruling. For the reasons discussed herein, the Request for Judicial Notice is **GRANTED IN PART, AND DENIED IN PART**, and the Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

A. **Factual Background[1]**

Plaintiff St. Ignatius High School of Cleveland ("St. Ignatius") is a college preparatory high school founded in 1886 in Cleveland, Ohio. ECF 1 at ¶ 1. In 2012, St. Ignatius engaged a brand and advertising agency, TWIST Creative, Inc. ("TWIST") to create new imagery and visual works for the school. *Id.* at ¶ 2. The following visual work (the "Ignatius Shield") resulted from TWIST's efforts:

---

[1] At the motion to dismiss stage, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012).



*Id*. In creating the Ignatius Shield, TWIST undertook a "discovery phase" in which the company met with several St. Ignatius groups including religious leadership, staff, alumni, administration, and students to "understand the unique historical values of St. Ignatius to incorporate into the [w]ork." *Id*. at ¶ 3. Additionally, TWIST "considered potential messages and images" that would appeal to "St. Ignatius'[s] target demographic" and included them in the Ignatius Shield. *Id*.

Following the discovery phase, TWIST developed the Ignatius Shield by sketching various designs that included shapes and "various Ignatian elements." *Id*. at ¶ 4. TWIST produced "dozens" of iterations of the Ignatius Shield before reaching a final version. *Id*. The Ignatius Shield was first published on November 18, 2014. ECF 9 at 5 (citing St. Ignatius's certificate registration of the Ignatius Shield with the U.S. Copyright Office, Registration No. VA 1-479-195); ECF 11 at 7 (same).

TWIST was also aware at the time it created the Ignatius Shield that other Jesuit institutions across the country utilized "Ignatian elements … to identify themselves." *Id*. at ¶ 5. But TWIST sought to formulate a "unique compilation" of such elements that would "be unlike that used by any other Jesuit institution." *Id.* This design process was "creative and iterative." *Id*. TWIST did not use clip-art to create the Ignatius Shield, but instead hand-drew the artwork which was then converted to computer "vector art" for use in print materials. *Id*. at ¶ 6. TWIST considered "the

2

balance of the elements [in the Ignatius Shield] … its symmetry, its ability to be reduced and enlarged in size, and reproducibility." *Id*. at ¶ 7. TWIST incorporated "common Ignatian elements" into the Ignatius Shield, and positioned them within the design "in unique ways." *Id*.

Alexy Metals is a precious metals refinery business based in Willoughby, Ohio. ECF 8 at 1. St. Ignatius alleges that in 2019, an employee for Alexy Metals, Jacob Denner, was asked by the owner, Grayson Alexy, to develop a new trademark for the company. ECF 1 at ¶ 11. St. Ignatius further alleges that Mr. Denner showed Mr. Alexy a copy of the Ignatius Shield on a hockey puck and "suggested that he develop a similar mark." *Id*. "Mr. Denner then used the [Ignatius Shield] to create the new logo for Alexy Metals" (the "Alexy Shield"). *Id*. Conversely, Alexy Metals states that "[i]n early 2020, an intern for Alexy Metals … brainstormed design ideas by looking at a wide variety of other designs, found elements in those designs that resonated with the company's business and the message it wanted to convey, and transformed those elements into what became" the Alexy Shield. ECF 8 at 1.

Regardless of its specific origins, both parties agree that in 2021 Alexy Metals made "minor changes" to the Alexy Shield, which culminated in the current version of the logo that Alexy Metals continues to use:



ECF 1 at ¶ 12; ECF 8 at 2 n.1 (acknowledging that there was an earlier design of the Alexy Shield, that has been discarded in favor of the 2021 design at issue). Alexy Metals uses the Alexy Shield on its website and on various promotional items including shirts, hats, and golf balls. ECF 1 at ¶ 15.

On September 11, 2024, St. Ignatius filed suit against Alexy Metals alleging trademark violations under the Lanham Act plus various related state law claims (the "State Action"). *See St. Ignatius High School of Cleveland v. Alexy Metals, Ltd.*, No. CV-24-103652 (Ohio Ct. Com. Pl.); ECF 9 at 3, ¶ 1.[2] While the State Action was ongoing, St. Ignatius registered the Ignatius Shield with the United States Copyright Office, Registration Number VA 2-479-195, effective April 29, 2025. ECF 1 at ¶ 9. On February 23, 2026, the Cuyahoga County Court of Common Pleas informed St. Ignatius that it would be granting summary judgment for Alexy Metals in the State Action.[3] ECF 9 at ¶ 2; ECF 11 at 4. Two days later, on February 25, 2026, St. Ignatius filed the instant action alleging that Alexy Metals is "willful[ly]" infringing its copyright on the Ignatius Shield, despite St. Ignatius's past requests to cease using the "substantially similar" design. ECF 1 at ¶¶ 16-17.

### B. Procedural Background

On February 25, 2026, St. Ignatius filed the instant action alleging copyright infringement based upon the alleged similarity of the Alexy Shield to the Ignatius Shield. ECF 1 at ¶¶ 13-18. The federal complaint alleged copyright infringement in violation of 17 U.S.C. § 101 *et seq*. St. Ignatius asks the Court for a preliminary and permanent injunction, actual damages plus profits

---

[2] It is longstanding Sixth Circuit precedent that courts may properly take judicial notice of "proceedings in other courts of record." *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969).

[3] An opinion was issued and judgment in favor of Alexy Metals was entered on March 6, 2026. *St. Ignatius High School*, No. CV-24-103652, slip op (Ohio Ct. Com. Pl.).

4

attributable to Alexy Metals's alleged infringement, or, alternatively, for statutory damages and attorney's fees. ECF 1 at 5.

On May 4, 2026, Alexy Metals filed the Motions now before the Court. ECF 8; ECF 9. In its Motion to Dismiss, Alexy Metals argues that St. Ignatius has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to plead a proper copyright infringement claim. ECF 8 at 5-9. More narrowly, Alexy Metals argues that the Ignatius Shield and the Alexy Shield are not substantially similar. *Id*. Alexy Metals also claims that this action is barred by the statute of limitations. *Id*. at 12-13.

In its Request for Judicial Notice, Alexy Metals requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of numerous disputed facts contained in several documents that were produced during the State Action. ECF 9. Alexy Metals also requests that the Court take judicial notice of information contained on both governmental and non-governmental websites. *Id*. at ¶¶ 5-6. In total, Alexy Metals requests that the Court judicially notice fifteen exhibits and thirteen matters spanning hundreds of pages. *Id*. at 6.

The Court reviewed Judge Collier-Williams' opinion in the State Action granting summary judgment for Alexy Metals. The Court then instructed the parties in this action to include in their briefing whether the Lanham Act claims in the State Action made this action *res judicata*. St. Ignatius briefed the issue in its Memorandum in Opposition to Alexy Metals' Motion to Dismiss on June 3, 2026. ECF 12 at 17-20. Alexy Metals briefed the issue in its Reply on June 17, 2026. ECF 14 at 12-15.

St. Ignatius timely filed two responses opposing both Motions on June 3, 2026. ECF 11; ECF 12. In its opposition to the motion to dismiss, St. Ignatius argues that it has properly pled its copyright infringement claim. ECF 12 at 7-12. Specifically, St. Ignatius argues that the Ignatius

5

Shield and Alexy Shield are substantially similar. *Id*. St. Ignatius also argues that this action is not time-barred. *Id*. at 16. It also argues that the State Action is not *res judicata* of the instant action. *Id.* at 17-20. In its brief opposing Alexy Metals's requests for judicial notice, St. Ignatius requests that the Court deny several of the requests as being outside the scope of Rule 201 and limit the motion accordingly. ECF 11.

Alexy Metals timely filed its replies to the Motions and for the first time addressed *res judicata* at this Court's request. It argued that the State Action was *res judicata* of this action. It conceded that claim preclusion was inapplicable because federal courts have exclusive jurisdiction over copyright actions, but argued that issue preclusion barred the present suit. ECF 14 at 12-15.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

6

## III. ANALYSIS

The Court will address the parties' arguments slightly out of the order in which they were raised in the briefs. First, the Court considers Alexy Metals's Requests for Judicial Notice because the Court's decisions to grant or deny each request impacts the critical facts used in the later analyses. Next, the Court will consider the procedural impacts of *res judicata* and the statute of limitations on St. Ignatius's complaint because those determinations, if positive, would dispose of St. Ignatius's Complaint. The Court will then consider whether St. Ignatius has sufficiently plead a copyright infringement claim.[4,5]

### A. Requests for Judicial Notice

Generally, a Rule 12(b)(6) motion should be decided solely on the complaint and the exhibits attached thereto. *Diei v. Boyd*, 116 F.4th 637, 643 (6th Cir. 2024); *Passa v. City of Columbus*, 123 F. App'x. 694, 697 (6th Cir. 2005). Usually, if a court considers matters outside the complaint, the 12(b)(6) motion is converted to one for summary judgment under Federal Rule of Civil Procedure 56. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). However, a court may consider "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice" without converting the motion to summary judgment. *Hancock v. Miller*, 852 F. App'x. 914, 919 (6th Cir. 2021) (quoting *Wyser-Pratte Mgmt. Co. v. Texlon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005)); *see also Buck v. Hampton Twp. Sch. Dist.*,

---

[4] The Court acknowledges that Alexy Metals raised, and St. Ignatius submitted opposing arguments, as to the affirmative defense of fair use. A court may consider fair use as an affirmative defense at the motion to dismiss stage "only if the facts supporting it are readily apparent" from the face of the complaint. *Balsley v. L.F.P., Inc.*, No. 1:08-CV-491, 2008 WL 11378897, at *3 (N.D. Ohio Dec. 2, 2008) (refusing to consider defendant's fair use defense at the 12(b)(6) stage when the "critical facts necessary to substantiate" fair use were not apparent on the face of the pleadings and defendant's use was a disputed question of fact). Even if St. Ignatius's complaint survived the Motion to Dismiss, the Court could not consider Alexy Metals's fair use defense at this stage because the facts supporting it are not readily apparent from the face of the complaint.

[5] The Court will not reach the issue of damages because it is dismissing the action for failure to state a claim. Plaintiff concedes that it is not entitled to any statutory damages or attorney's fees. And because the Court is dismissing the Complaint for failure to state a claim, the Court will not address actual damages.

452 F.3d 256, 260 (3d Cir. 2006). And "when a document is referred to in the complaint and is central to the plaintiff's claim … [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (cleaned up).

Federal Rule of Evidence 201 provides that a court may judicially notice a fact that is not subject to reasonable dispute because it is either (1) "generally known" within the court's territorial jurisdiction, or (2) can be accurately and readily determined from a source "whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

Courts may properly take notice of public records and government documents (including information available on governmental websites) because their sources cannot be reasonably questioned. *Overall v. Ascension*, 23 F.Supp.3d 816, 824-25 (E.D. Mich. 2014). But it is "generally improper for a court to take judicial notice of [information available on] a non-governmental website, particularly when it is used for the truth of the matter, and not its mere existence" because the court cannot verify the accuracy of such information. *Plateau Cos. Ins. Co. v. Securranty, Inc.*, 608 F.Supp.3d 566, 571 (M.D. Tenn. 2022).

Further, it is longstanding Sixth Circuit precedent that courts may properly take judicial notice of "proceedings in other courts of record." *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969). But importantly, in taking notice, the court must consider only that a court document exists; it must not accept the truth of the facts asserted therein. *See Hancock*, 852 F. App'x. at 920. The same principle is true of depositions. *See Zahuranec v. Cigna Healthcare*, No. 1:19-cv-2781, 2021 WL 2665754, at *6 (N.D. Ohio Jun. 29, 2021) (citing first *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 467 (6th Cir. 2014), then *United States v. Ferguson*, 681 F.3d 826, 834

8

(6th Cir. 2012)).

Here, the Court will grant in part and deny in part Alexy Metals's various requests for judicial notice (each individually, "RFJN") as follows. First, the Court will judicially notice facts contained in public records and governmental websites, and therefore grants RFJNs 5 and 10. ECF 9 at 4-5. Second, while the Court cannot take judicial notice of the truth of the facts alleged in the State Action, the Court will give issues that were already litigated in the State Action preclusive effect. *See infra* Section B(ii). Accordingly, the Court takes judicial notice of the existence of the documents filed on the docket in the State Action that are described in RFJNs 1, 2, 3, 4, 7, 9, 11, 12, and 13, but does not take judicial notice of the truth of the facts alleged therein. ECF 9.

Last, the Court will not take judicial notice of those requests originating from sources whose accuracy the Court cannot readily verify. As such, RFJN 6 is denied because Alexy Metals improperly asks the Court to take notice of the truth of a fact alleged on a non-governmental website. ECF 9 at 5. And the Court will not take judicial notice that St. Ignatius "was made aware of the Alexy Metals Shield in 2021" as alleged in RFJN 7 because this is a disputed fact originating from email correspondence produced during discovery in the State Action. *Id*. at 6. For the same reason, the Court will not take judicial notice of RFJN 8. *Id*.

**B.  Res Judicata**

Pursuant to the full faith and credit statute, a federal court ruling on the issue of *res judicata* must apply the law of the state in which the prior judgment was rendered—in this case, Ohio. *See Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 265 (6th Cir. 1988) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373 (1985) (interpreting the full faith and credit statute, 28 U.S.C. § 1738)). Under Ohio law, the doctrine of *res judicata* involves both claim and issue preclusion. *Lycan v. City of Cleveland*, 2022-Ohio-4676, ¶ 22, 218 N.E.3d 913, 919-20 (quoting *Grava v.*

9

*Parkman Twp.*, 1995-Ohio-331, 218 N.E.2d 226, 227).

      i.      <u>Claim Preclusion</u>

A subsequent action is barred by claim preclusion if the following elements are met: (1) a prior final decision on the merits has been rendered by a court of competent jurisdiction; (2) the subsequent action is between the same parties; (3) there is an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Lycan*, 2022-Ohio-4676 at ¶ 23, 218 N.E.3d at 919-20.

Pursuant to 28 U.S.C. § 1338(a), federal courts have exclusive jurisdiction over actions arising under any federal law relating to copyrights. Therefore, Congress has made it expressly clear that state courts are not competent jurisdictions to hear copyright matters. Here, because St. Ignatius's claim arises under the federal Copyright Act, its claim could not have been brought in the prior action because the state court was not a competent jurisdiction. Therefore, claim preclusion does not apply here.

      ii.      <u>Issue Preclusion</u>

Issue preclusion applies to bar a fact or issue from being litigated in a subsequent action when: (1) the parties in the first action are identical to those in the subsequent action; (2) the issue in dispute was actually litigated; and (3) was necessarily decided in the first action. *Stark v. Gov't Acct. Sols.*, No. 2:07-cv-755, 2009 WL 4842253, at *2 (S.D. Ohio Dec. 9, 2009) (applying Ohio issue preclusion law).

Here, there is no dispute that the parties are identical. There is also no dispute that the issue of whether the Ignatius Shield and Alexy Shield are similar was actually litigated because the State Action was decided on summary judgment. In that action, Judge Collier-Williams determined that

10

the two designs were *not* similar enough to engender a likelihood of confusion sufficient to establish a valid Lanham Act claim. ECF 9-4 at 5-6. Thus, the crux of whether issue preclusion applies in the instant action to bar St. Ignatius from relitigating certain facts is whether those facts were <u>necessary</u> to the issue of similarity in the State Action.

To determine whether consumer confusion was likely, the state court had to determine whether the Ignatius Shield was strongly "distinctive." *Id*. at 4-5 (citing *Progressive Distrib. Servs., Inc. v. United Parcel Serv., Inc.*, 856 F.3d 416, 427 (6th Cir. 2017)). Part of the distinctiveness inquiry was whether the Ignatius Shield incorporates "generic or highly descriptive components"—which, if so, lessen the likelihood of consumer confusion. *Id.* at 4 (quoting *United States Pat. & Trademark Off. v. Booking.com B.V.*, 591 U.S. 549, 562 (2020)). In the State Action, Judge Collier-Williams ultimately determined that the Ignatius Shield, indeed, incorporated generic components, and that the Ignatius Shield and the Alexy Shield were not so similar as to engender consumer confusion. *Id.* at 5. In making that determination, she relied on the following operative facts:

> [St. Ignatius] admits that the shield shape is a pretty common enclosure. Plaintiff also admits that the diagonal stripes on a shield design are not unique to St. Ignatius. Plaintiff further admits that the iconography used inside the shield is "Ignatian symbols" that are in most of the main identities in some way or another. The shield, stripes, AMDG, cross, wolves over a cauldron, and date of establishment are neither unique nor unusual in the field of education, particularly Jesuit education. Stylized shields are common ornamentation on goods from clothes to cars. Thus, this factor supports a finding of no confusion.

*Id.* Thus the issue of whether the Ignatius Shield contains common elements was necessarily decided in the State Action because without that determination, the court could not have determined whether consumer confusion was likely. Accordingly, the following facts must be given preclusive effect in the instant litigation: the Ignatius Shield contains common elements—

11

including the shield-shaped enclosure, diagonal stripes, Ignatian iconography, AMDG, cross, wolves over a cauldron, and date of establishment.

Accordingly, St. Ignatius does not get a second opportunity to relitigate the above-mentioned facts in federal court. As plaintiff, St. Ignatius knows it had its choice of forum in litigating its trademark claims. Those claims could have easily been brought in federal court, as the Lanham Act would have provided a basis for federal question jurisdiction. If St. Ignatius is dissatisfied with Judge Collier-Williams's opinion, the proper course of action is to appeal that decision—not to file a nearly identical case in federal court.

## C.  Statute of Limitations

No party may maintain a civil action for copyright infringement "unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright cause of action "accrues"—and therefore the limitation period begins to run—when an infringing act "occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014). The Sixth Circuit approaches the section 507(b) statute of limitations with a "discovery" rule to determine accrual of claims: a cause of action "accrues" when the copyright holder discovers or should have discovered the alleged act of infringement. *See, e.g.*, *Navarro v. Procter & Gamble Co.*, 515 F.Supp.3d 718, 757-58 (S.D. Ohio 2021) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 390 (6th Cir. 2007)). While the use of the word "occurs" in *Petrella* has sparked some confusion as to whether the discovery rule is a valid approach, the Supreme Court has reiterated that the discovery rule is a proper formulation of the statute. *Id.* at 758-59 (citing *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, LLC, 580 U.S. 328, 336-37 (2017)).

Here, Alexy Metals argues that because St. Ignatius has not alleged infringing acts in the years since the Alexy Shield was created in 2019 and later revised in 2021, St. Ignatius's

12

infringement claim is time barred. ECF 8 at 13. But St. Ignatius argues that because Alexy Metals has "repeatedly published copies of the Alexy Shield on its website and promotional items over the past three years," its claim is not time barred. ECF 12 at 16; *see also* ECF 1 at ¶ 15. The parties thus argue that St. Ignatius's claim "accrued" on different dates: Alexy Metals argues that the date of accrual is when the Alexy Shield was revised in 2021, but St. Ignatius argues that the date of accrual is the most recent time the Alexy Shield was published on the defendant's website or promotional items, which it alleges lies within the three-year period.

Neither party is correct in applying the Sixth Circuit's discovery rule. Following that rule, the date of accrual should be the date that St. Ignatius discovered or reasonably should have discovered the alleged infringement. Alexy Metals alleges that date is at least as early as August 4, 2021. ECF 8 at 13; ECF 9 at 4-5. But St. Ignatius alleges that date is not until May 2024. ECF 11 at 6 n.2 (stating that "St. Ignatius sent Alexy Metals a cease-and-desist letter in May 2024 promptly after learning about the Alexy Metals Shield"). If St. Ignatius discovered the allegedly infringing Alexy Shield more than three years ago, its claim is likely time barred. But if the discovery date is not until May 2024—as St. Ignatius alleges—then its claim is not time barred. The Court cannot take judicial notice of Alexy Metals's 2021 date because it was contained in email correspondence produced in discovery in the State Action—the truth of which the Court cannot accept at this procedural stage. *See supra* Section A. Therefore, without a firm date of discovery, it is not possible for the Court to decide the issue at this stage. But as discussed *infra*, this defense is ultimately immaterial because St. Ignatius's claim fails as a matter of law. *See infra* Section D.

13

**D.  Motion to Dismiss for Failure to State a Claim**

    i.      <u>Sufficiency of St. Ignatius's Copyright Infringement Claim</u>

To establish a copyright infringement claim, a plaintiff must plead: (1) ownership of a valid copyright, and (2) that the defendant copied constituent elements of the work that were original. *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991).

    a.      *Element (1): Ownership of a Valid Copyright*

According to 17 U.S.C. § 410(c), the registration of a copyright made before or within five years of the initial publication of a design constitutes *prima facie* evidence of the copyright's validity. Past this time, the court has discretion to consider the amount of evidentiary weight given to a certificate of copyright registration. *Id*. St. Ignatius initially published the Ignatius Shield design on November 18, 2014. AMDG SAINT IGNATIUS EST 1886, Registration No. VA 2-479-195 (registration certificate stating this fact). Because St. Ignatius registered its copyright in 2025, more than five years after the design's initial publication, the Ignatius Shield is not entitled to a presumption of protection under section 410(c).

Although the Ignatius Shield is not entitled to a presumption of protection, it still owns a valid copyright. At the pleading stage, there is not a high threshold to establish this element: a plaintiff need only allege that the image was "independently created" and that it "possesses at least some minimal degree of creativity[,]"—*i.e.*, that the image is original. *Feist Publ'ns, Inc.*, 499 U.S. at 345; *see also NOCO Co. v. Shenzhen Dingjiang Technology Co., Ltd.*, No. 1:21-cv-1483, 2022 WL 80363, at *3 (N.D. Ohio Jan. 7, 2022) ("The Court is also aware that, at this stage, even a slight amount of creativity precludes dismissal of plaintiff's copyright infringement claim.").

Here, St. Ignatius has sufficiently alleged that the Ignatius Shield was independently created and possesses a minimal degree of creativity. St. Ignatius alleges that TWIST created

multiple iterations of the Ignatius Shield, and arranged a variety of different shapes, images, and elements in a unique way. ECF 1 at ¶¶ 2-8. Multiple iterations of a work, complete with independent sketching and an assortment of shapes and symbols, meet the originality requirement needed to establish valid copyright ownership—far surpassing the "minimal degree of creativity" threshold required at this stage of litigation. *See NOCO Co.*, 2022 WL 80363 at *3. Despite successfully pleading the first element of its copyright infringement claim, St. Ignatius falters on the second element, as is discussed *infra*.

    b.   *Element (2): Copying of Constituent Elements*

Because direct evidence of copying is rare, a plaintiff may instead meet this element by showing an inference of copying by establishing that: (1) the defendant had access to the allegedly-infringed work; and (2) there is substantial similarity between the two works at issue. *Kohus v. Mariol*, 328 F.3d 848, 853-54 (6th Cir. 2003).

St. Ignatius alleges not only that Alexy Metals had access to the Ignatius Shield, but also that Alexy Metals specifically used the Ignatius Shield as a basis for designing the Alexy Shield. ECF 1 at ¶ 11. Accepted as true and construed in the light most favorable to St. Ignatius, as is required at this stage of the litigation, this allegation establishes both direct copying and the first element necessary to establish an inference of copying under *Kohus*. And Alexy Metals has neither refuted that it had access to the Ignatius Shield nor that it used the Ignatius Shield in developing its own logo. *See generally* ECF 8. But copying alone does not meet this element if the original work and the allegedly infringing work are not substantially similar. *See Wickham v. Knoxville International Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984) ("No amount of proof of access will suffice to show copying if there are no similarities."); *Blehm v. Jacobs*, 702 F.3d 1193, 1208 (10th Cir. 2012) ("Copying alone is not infringement. The infringement determination

15

depends on what is copied.").

Substantial similarity is determined by a two-step test: first the unprotectable elements that were not independently created must be filtered out of the work, and then it must be determined whether the allegedly infringing work is substantially similar to the protectable elements that remain. *See Kohus*, 328 F.3d at 855-57 (adopting and applying this test); *Feist Publ'ns, Inc.*, 499 U.S. at 350 ("[N]o author may copyright facts or ideas. The copyright is limited to those aspects of the work—termed 'expression'—that display the stamp of the author's originality.") (quoting *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985)). Two works are substantially similar when they are "so similar … that an ordinary reasonable observer would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking from it 'material of substance and value[.]'" *Stromback v. New Line Cinema*, 384 F.3d 283, 297 (6th Cir. 2004). But where two works are similar only as to their unprotectable elements, there is no copyright infringement as a matter of law. *Id*.

Further, the Sixth Circuit holds copyright infringement claims to a heightened pleading standard, requiring plaintiffs to allege—with greater particularity in pleading—that there are plausible grounds for infringement. *See Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008) (explaining that a heightened pleading standard is appropriate because "[c]opyright infringement…lends itself readily to abusive litigation, since the high cost of trying a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case.").[6] A plaintiff fails to meet this heightened pleading standard where (1) the material the

---

[6] St. Ignatius asserts that *Nat'l Bus. Dev. Servs., Inc.* is improperly cited by Alexy Metals for this proposition. However, Alexy Metals properly cited the case. Although St. Ignatius is correct that the opinion relies on *Bell Atlantic*'s heightened pleading standards, the Sixth Circuit analogizes copyright cases to anti-trust litigation—which was at issue in *Bell Atlantic*—and specifically stipulates that both matters require a plaintiff to adhere to the plausibility standard.

16

plaintiff is claiming was infringed is not copyrightable; or (2) a comparison of the two works shows that there is no substantial similarity in protectable expression. *See, e.g.*, *Gray-El v. Lopez/Nuyorican Prods., Inc.*, No. 19-10952, 2019 WL 8750506, at *13 (E.D. Mich. Dec. 18, 2019). Accordingly, the Court may perform a side-by-side comparison of the Ignatius Shield and the Alexy Shield at the pleading stage to determine substantial similarity. *See, e.g.*, *SnagPod, LLC v. Precision Kiosk Techs., Inc.*, No. 23-CV-10401, 2023 WL 6644133, at *5 (E.D. Mich. Oct. 12, 2023).

And as previously discussed, St. Ignatius may not relitigate the fact that the Ignatius Shield contains common—and therefore unprotectable—elements. *See supra* Section B. These elements—including the shield-shaped enclosure, diagonal stripes, Ignatian iconography, AMDG, cross, wolves over a cauldron, and date of establishment—are unprotectable and therefore must be "filtered out." *See* 37 C.F.R. § 202.1(a) (noting that copyright protection does not extend to "[w]ords and short phrases such as names, titles, and slogans [and] familiar symbols or designs"). What remains post-filtration are obvious differences between the color schemes, shading, text, and symbols on each shield logo. Based upon a side-by-side comparison, the Court readily determines that the Ignatius Shield and Alexy Shield are not similar, and that an ordinary reasonable lay person would not conclude that Alexy Metals took "material of substance and value" from the Ignatius Shield. *Stromback*, 384 F.3d at 297. Because St. Ignatius cannot establish the second element of copyright infringement—that Alexy Metals copied constituent or original elements of the Ignatius Shield—it has failed to meet the Sixth's Circuit's heightened pleading standard for copyright

---

*Nat'l Bus. Dev. Servs., Inc.*, 299 F. App'x at 512; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007). And although St. Ignatius is also correct that in *Nat'l Bus. Dev. Servs., Inc.* the plaintiff failed to identify what work produced by defendant infringed the plaintiff's copyrighted work, this does little to distinguish that case from the case at bar. If anything, it reaffirms Alexy Metals' argument—the Sixth Circuit adheres to the heightened pleading standard and thus the court must examine the merits of a plaintiff's substantial similarity claims at the 12(b)(6) stage.

infringement claims. *See Nat'l Bus. Dev. Servs., Inc.*, 299 F. App'x at 512. Therefore, its claim fails as a matter of law and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### F. Plaintiff's Request for Leave to Amend is Denied

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with leave of court and "amendments should be freely given when justice so requires." But denying leave is appropriate in circumstances where amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile when the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). A copyright infringement claim can only survive a 12(b)(6) motion where the plaintiff plausibly alleges, with particularity, that (1) its work is original, and (2) that the defendant copied constituent elements of the original work. *See Feist Publ'ns, Inc.*, 499 U.S. at 361.

Here, St. Ignatius has not alleged a plausible copyright claim in the instant complaint, and leave to amend would prove futile because no additional facts would ever make the copyright claim plausible. St. Ignatius's substantial similarity argument has now failed twice—once in the State Action and once in the instant decision. There are no facts—nor will there ever be any facts if further discovery were to occur—that would overcome the legal conclusion that the Ignatius Shield and the Alexy Shield are simply not substantially similar designs. St. Ignatius cannot survive a 12(b)(6) motion because its copyright infringement claim will always fail as a matter of law. *See supra* Section D. Further, granting St. Ignatius leave to amend would further waste the already considerable judicial resources it has until this point. Accordingly, Plaintiff's request for leave to amend is denied.

## IV.  CONCLUSION

For these reasons, this Court hereby **GRANTS** Alexy Metals' Motion to Dismiss **WITH PREJUDICE**. As to the Request for Judicial Notice, the Court hereby **TAKES NOTICE** of the following items: RFJNs 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, and 13.

**IT IS SO ORDERED.**

Dated: July 6, 2026                                     */s/ Dan Aaron Polster*
                                                        **Dan Aaron Polster**
                                                        **United States District Judge**

19